### CONDELLO v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 25, 1924.)

No. 179.

1. **Criminal law ⬯1173(1)—Refusal to charge sound law, if not material, held not "reversible error."**

Not every refusal to charge sound law constitutes reversible error, because that particular legal proposition may not be material to the question before the jury, and even in criminal causes "reversible error" means substantial error, that which by reasonable inference might have prejudiced the party complaining.

[Ed. Note.—For other definitions, see Words and Phrases, Reversible Error.]

2. **Intoxicating liquors ⬯239(2)—Instruction that pharmacist, bona fide filling whisky prescription, was not violating law, held sufficient.**

Where the only question in a prosecution for selling intoxicating liquors, was whether defendant pharmacist's testimony that he produced the whisky in response to a prescription was true or false, an instruction that if a prescription was produced, and defendant was bona fide filling the prescription, he was not violating the law, *held* sufficient, and a requested charge relating to the doctor's signature on the prescription was immaterial, and was properly denied.

Mayer, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of New York.

Frank Condello was convicted of selling for beverage purposes whisky containing more than one-half of 1 per cent. alcohol by volume, in a place other than a private dwelling, and he brings error. Affirmed.

Writ of error to a judgment of conviction entered in the District Court for the Eastern District of New York. Plaintiff in error was tried under an information stating that he did on or about May 5, 1923, sell "in a place other than a private dwelling, for beverage purposes, certain intoxicating liquor, to wit, whisky," containing more than one-half of 1 per centum of alcohol by volume.

The defense, or one of the defenses, was that defendant below, who was a pharmacist employed in his father's drug store, produced the whisky in

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

response to a prescription for the same at the request of a "woman [who] showed me a prescription. She wanted some whisky. She told me to hurry up: that she had cramps." The drug store proprietor was permitted to sell liquor on prescription.

The evidence for the prosecution was that it was true that two women, who were acting with the government agents, did go into the drug store and ask for toilet articles. They were followed into the store by an agent, who asked for whisky and got it, but none of the government party produced or spoke of, in any way, any prescription. It was admitted that the whisky was brought out ready for delivery by Condello, and that he never received any prescription from the hand of the woman whom he said ordered it, or from anybody else. He declared that the bottle containing whisky had been seized from his hand by the agent when he brought it out from the inner room at the request of the prescription producing woman.

The trial judge, after going over the testimony in extenso, told the jury: "But the whole thing hinges upon the testimony of the witnesses whether there was any permit exhibited by some person by an authorized physician for that quantity of whisky, or whether there was not." Counsel of defendant below asked the court to charge: "That a permittee, holding a permit to sell liquor in a drug store under prescription, is not bound to ascertain the genuineness of the signature of the physician to the prescription." After some discussion the court said: "I will charge the jury that if he had a prescription, and the prescription was shown to him, which he announced to be a prescription, and that he was bona fide filling that prescription, then it was not a violation of the law, but that should be determined from all the evidence."

The jury having found the defendant guilty, this writ was taken.

Antonio M. Caridi, of New York City (Richard J. Mackey and Francis L. Driscoll, both of New York City, of counsel), for plaintiff in error.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y., and William A. De Groot, Asst. U. S. Atty., of Brooklyn, N. Y.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The exception was to "the refusal of the court to charge as requested." In other words, it is assigned for error that the court refused to charge totidem verbis a proposition of law, which for purposes of discussion we assume to be sound. What, under existing prohibition laws, is the exact measure of a druggist's duty in respect to the signature on a whisky prescription, we do not feel obliged to ascertain at present, because the point is not material to the case at bar. But we do again point out that not every refusal to charge sound law constitutes reversible error, because that particular legal proposition may not be material to the question before the jury. Kalmanson v. United States (C. C. A.) 287 Fed. 71. And even in criminal causes reversible error means substantial error; i. e., that which by reasonable inference might have prejudiced the party complaining. Linn v. United States, 251 Fed. 476, 483, 163 C. C. A. 470, and cases cited.

[2] In this case the single point shown by the bill of exceptions, and insisted on by the court to the jury, was whether there ever was anything that looked like a prescription produced by any one to this defendant as a reason for his admitted production of the admitted whisky. There was not the slightest evidence that Condello examined the sig-

nature, nor any suggestion that any signature was false, forged, or unauthorized. The plain question was whether Condello's story about what purported to be a prescription was or was not wholly false. On that point the charge quoted above told the jury that, if they believed Condello to have bona fide filled what he had in his own evidence called a prescription, he was guilty of no violation of law. No one could ask more than that on the actual evidence; and the request concerning genuineness of signature was not only immaterial, but sought to inject into the case a false issue—a too common way of attempting to befog a jury, by making the simple appear difficult. There was nothing in the actual or real issue, but a question of veracity. It was right to keep the jury's attention on that one material point.

Judgment affirmed.

MAYER, Circuit Judge, dissents.